[For subsequent proceedings, see Cases Nos. 15,767 and 15,768.]

## Case No. 15,767.

### UNITED STATES v. MILBURN.

[4 Cranch, C. C. 719.] [1]

Circuit Court, District of Columbia. March Term, 1836.

GAMING—DISORDERLY HOUSE—INDICTMENT—EVIDENCE.

1. An indictment charging that the defendant kept a certain gaming-table called a faro-bank, is not sufficient under the penitentiary act of the District of Columbia [4 Stat. 448],

2. The keeper of a room in which common gaming is carried on for his lucre and gain, and under his management and control, is guilty of keeping a disorderly house, and evidence of his keeping a faro-bank therein may be given under the count for keeping a disorderly house; but an indictment for keeping a common disorderly house is not supported by evidence of keeping a room in which gaming is carried on. It is not necessary to prove that the defendant was also the keeper of the house; nor to prove other disorderly conduct.

[Cited in People v. Spousler, 1 Dak. 289, 46 N. W. 460.]

The first count in the indictment [against George Milburn] was for keeping "a certain gaming-table called a faro-bank." This count was, upon the defendant's motion, quashed by the court, for the reasons stated in U. S. v. Cooly [Case No. 14,859].

The second count charged that the defendant kept "a certain common ill-governed, and disorderly house;" "and in the said house, for filthy lucre and gain, certain evil-disposed persons, of evil name, fame, and conversation, to frequent and come together, on the days and times aforesaid, there, unlawfully and wickedly, did cause and procure, and the said persons in the said house, at unlawful times, as well in the night as in the day, on the days and times aforesaid, there to be and remain, drinking, tippling, cursing, swearing, quarrelling, and gaming, and otherwise misbehaving themselves, unlawfully and wickedly did permit and suffer, to the great damage and common nuisance of the good citizens of the United States, in the manifest destruction and corruption of youth and other people, in their manners, conversation, morals, and estate, and against the peace and government of the United States."

Mr. Dunlop, for the United States, to support this count, offered evidence that the defendant kept a public faro-table, at which there was gambling for money.

W. L. Brent, for defendant, objected that it was not evidence of his keeping a disorderly house; and Mr. Dandridge, on the same side, contended that, as the keeping of a common gaming house was a distinct offence, evidence of that offence cannot be given, under this count, for keeping a common disorderly house. It should have been indicted as a common gaming-house. 1 Russ. 267; 3 Chit. 673, 674.

1 [Reported by Hon. William Cranch, Chief Judge.]

Mr. Dunlop, contra. A common gaming-house is a common disorderly house, and may be indicted as such. 3 Chit. 673, 674.

CRANCH, Chief Judge, was of opinion that evidence that the house was kept for a common gaming-house, for lucre and gain, where all persons, disposed to sport their property, were permitted to meet and gamble for money, is evidence of a disorderly house; and referred to U. S. v. Ismenard [Case No. 15,450], in this court, at December term, 1803.

THRUSTON, Circuit Judge, was of the same opinion, but was understood to contend, that, as the indictment was in the common form of an indictment for a disorderly house, charging, among other disorderly conduct, the permitting of gaming, only, and not specifying it to be kept as a common gaming-house, for lucre and gain, the United States could not succeed upon this indictment, although they should prove that the defendant kept a common gaming-house, for lucre and gain, where all persons disposed, &c., were permitted to meet and gamble for money.

MORSELL, Circuit Judge, absent.

The jury having been adjourned to the next day, and the court being full,

Mr. Brent, for defendant, moved the court to instruct the jury, "that, if they should be of opinion, from the evidence, that the defendant was the keeper of a room in which gaming was carried on, yet it does not support the charge in the indictment, which is for keeping a common disorderly house; and unless it be satisfactorily proved that he was the keeper of the house, he cannot be found guilty under the present indictment, but is entitled to a verdict of acquittal, unless the jury should be satisfied that other disorderly conduct has been proved."

Mr. Brent and Mr. Dandridge, in support of this motion, contended that a disorderly room is not a disorderly house, and that the indictment should have been for keeping a public gaming-room for lucre and gain. 2 Chit. 40; 3 Chit. 674, 675; Archb. 363; 3 Chit. 678, note k; Bac. Abr. "Gaming," A.

Mr. Dunlop, contra, prayed the court to instruct the jury, "that, if they should be satisfied, from the evidence, that the defendant was the keeper of a room in the house of one Grantham, in which room common gaming was carried on, for the lucre and gain of the defendant, and under his management and control, then he is guilty of keeping a disorderly house, as charged in the second count of the indictment;" and, in support of his prayer, cited 3 Chit. 623; Reg. v. Peirson, 2 Ld. Raym. 1197, 1 Salk. 382; 1 Russ. 299.

THE COURT (nem. con.) gave the first part of the instruction moved by Mr. Brent, namely, that if the jury should be of opinion, from the evidence, that the defendant was the keeper of a room in which gaming was carried on, yet it does not support the charge in the indictment which is for keeping a common disorderly house.

But (THRUSTON, Circuit Judge, contra) refused to give the residue of that instruction.

And (THRUSTON, Circuit Judge, contra) gave the instruction prayed by Mr. Dunlop.

Verdict, not guilty.